IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-11353
_____

WASTE CONTROL SPECIALISTS, LLC,

Plaintiff-Appellee,

versus

UNITED STATES DEPARTMENT OF ENERGY; ALVIN L. ALM,
Assistant Secretary for Enviornmental Management; MARY
ANN SULLIVAN, Deputy General Counsel for Environment
and Civilian Nuclear Defense Programs; JAMES M.
OWENDOFF, Acting Secretary for Environmental
Management,

Defendants-Appellants.

_____

Appeal from the United States District Court for
the Northern District of Texas, Wichita Falls
(7:97-CV-202)
_____

June 17, 1998
**ON PETITION FOR REHEARING**

Before REAVLEY, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Waste Control Specialists complains by petition for
rehearing that we have decided its due process claims
prematurely.  To the contrary, we have decided that Waste
Control's lawsuit is premature.  We have only decided that the
Department of Energy has followed the statutes in the policies

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

thus far announced for Fernald contract proposals.  Waste Control's suit seeks a declaration that its proposal may not be rejected by DOE because the DOE policy is illegal.  We deny that claim without reaching any due process contention about DOE's conduct of the contract procedure in any other respect for cleanup of the Fernald nuclear site.

Amicus Andrews Industrial Foundation complains that our opinion allows the Department of Energy to surrender all regulation of disposal sites to the states or to no one.  Our opinion did not address the regulation of disposal sites except to say that the statutes provide for either Nuclear Regulatory Commission or Department of Energy control.

The petition for rehearing is denied.